IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE WACKENHUT CORPORATION,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br><br>SEIU LOCAL 1, THOMAS BALANOFF,<br>MONA BALLENGER, EDWARD BOWEN,<br>and ANDREW STERN,<br>　　　　　　　Defendants. | Case No. 1:08-cv-2053<br><br>Judge Kendall/Magistrate Judge Schenkier |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD
AND TO CONTINUE THE INITIAL STATUS HEARING**

Plaintiff The Wackenhut Corporation ("Wackenhut") for its response in opposition to Defendants' Motion for Extension of Time to Answer or Otherwise Plead states as follows:

1. Defendants seek an extension of time to answer or otherwise plead to Plaintiff's Amended Complaint. Defendants want until June 27, 2008, to respond to the Amended Complaint. Defendants also ask this Court for a continuance of the date of the Initial Status Hearing. However, they do not propose a new date for the Initial Status Hearing. Plaintiff opposes Defendants' requests for the following reasons.

2. First, if this Court grants Defendants' request for an extension of time to answer or otherwise plead to the Amended Complaint, Defendant Service Employees International Union, Local 1("Local 1") will then have from April 11, 2008 to June 27, 2008 – or 76 days to respond to Plaintiff's Complaint. (The Amended Complaint made no new allegations against Local 1 and only added the individual defendants.) Even calculating Local 1's answer from the

date of the Amended Complaint, that answer would have been due on May 14, 2008, which is 43 days from June 27, 2008, the date the Defendants now request.

3. In addition, this is Defendants' second motion for extension of time to answer or otherwise plead to the Amended Complaint. On April 28, 2008, Defendants filed a motion for extension of time to answer or otherwise plead (Dkt. Entry 12) requesting an extension to May 22, 2008. (In their motion, Defendants state that they filed the first motion for extension of time on April 25, 2008. Actually, it was filed on April 28, 2008 (see Dkt. Entry 12)). That first motion for extension of time was made after the filing of the Amended Complaint and after Defendants Balanoff, Ballenger and Bowen had been served, and made reference to the Amended Complaint. Finally, that first motion for extension of time asked for May 22, 2008, as the deadline to answer or otherwise plead to the Amended Complaint.

4. On April 28, 2008, Ms. Kulwiec and Steven Stewart filed appearances on behalf of all defendants including Local 1, Thomas Balanoff, Mona Ballenger, Edward Bowen and Andrew Stern.

5. This Court granted Defendants' first motion for extension of time to answer or otherwise plead to the Amended Complaint, extending the deadline to May 22, 2008, as requested by Defendants.

6. In that same order, this Court moved up the Initial Status Hearing from June 25, 2008 to May 29, 2008, and set the deadline for the Joint Status Report to May 22, 2008. Defendants also seek a continuance of the date for the Initial Status Hearing and the Joint Status Report, and do not propose a new date.

7. Defendants' request for an extension should be denied because 76 days from the original Complaint for Local 1 to respond is simply too long. Likewise, 43 days for the

2

Individual Defendants to respond to the complaint is also too long. Both requested extensions will unnecessarily delay this prosecution of this case.

8. Defendants' request to vacate the Initial Status Hearing and the Joint Status Report should also be denied because it too will unduly delay this case. Indeed, Plaintiff communicated with Ms. Kulwiec, who initially appeared as Defendants' counsel, and scheduled the parties' meet and confer under Rule 26(f) for May 8, 2008, the deadline for holding the meet and confer. However, on the morning of May 8, Ms. Kulwiec called Plaintiff's counsel and stated that they would not be attending the meet and confer because new counsel was likely coming into the case for the Defendants. Plaintiff's counsel expressed discomfort at not complying with this Court's order and the requirements of Rule 26 by not meeting. Later that day, Plaintiff's counsel sent to Ms. Kulwiec Plaintiff's Rule 26(f) Statement, addressing the issues set forth in Rule 26(f). A copy of Plaintiff's Rule 26(f) Statement is attached hereto as Exhibit 1. For all of these reasons, Defendants' request to vacate the Initial Status Hearing should be denied.

WHEREFORE, Plaintiff The Wackenhut Corporation respectfully requests that Defendants' Motion for Extension of Time to Answer or Otherwise Plead be denied, that Defendants' request for a continuance of the Initial Status Hearing be denied, and that the Court grant any other relief it deems just and appropriate.

Dated: May 16, 2008                    Respectfully submitted,


                                       /s Patrick J. Ahern
                                       Patrick J. Ahern
                                       Counsel for Plaintiff
                                       The Wackenhut Corporation

**BAKER & MCKENZIE LLP**
Patrick J. Ahern (ARDC# 6187380)
patrick.j.ahern@bakernet.com
John N. Raudabaugh (*pro hac vice* pending)
john.n.raudabaugh@bakernet.com
Karen Sewell (ARDC# 6284417)
karen.sewell@bakernet.com
130 E. Randolph Dr., Suite 3500
Chicago, Illinois 60601
312.861.8000

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of May, 2008, a copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Extension of Time to Answer or Otherwise Plead and to Continue the Initial Status Hearing was filed electronically with the Clerk of the Court was served via the CM/ECF system upon all counsel of record in this case.

          /s Patrick J. Ahern
          Patrick J. Ahern
          Counsel for Plaintiff
          The Wackenhut Corporation

CHIDMS1/2621198.3

# EXHIBIT 1

Case 1:08-cv-02053   Document 27-2   Filed 05/16/2008   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE WACKENHUT CORPORATION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>SEIU LOCAL 1, THOMAS BALANOFF, )<br>MONA BALLENGER, EDWARD BOWEN, )<br>and ANDREW STERN, )<br>Defendants. ) | Case No. 1:08-cv-2053<br><br>Judge Kendall/Magistrate Judge Schenkier |

**PLAINTIFF'S RULE 26(F) STATEMENT**

The parties were scheduled to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on May 8, 2008, 21 days before the Initial Status Conference ordered by this Court in its Order dated May 2, 2008. Counsel for Defendant SEIU Local 1, informed Plaintiff's counsel that Defendants were not in a position to attend the scheduled conference due to the fact that one or more of the Defendants would be hiring new counsel. Accordingly, in the absence of Defendants' counsel, in order to fulfill its responsibilities under Rule 26(f), Plaintiff states as follows for its Rule 26(f) Statement:

Nature of Claims and Likelihood of Settlement

Plaintiff filed this action against SEIU Local 1 ("Local 1"), Thomas Balanoff, Mona Ballenger, Edward Bowen and Andrew Stern (collectively "Defendants") under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages and costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff has sustained because of Defendants' violations, as hereinafter alleged, of (a) the antitrust laws, particularly Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; and (b) Section 303 of the National Labor Relations Act ("NLRA, as amended"), 29 U.S.C. § 187, by violating Section 8(e), 29 U.S.C. § 158(e) and Section 8(b)(4), 29 U.S.C. § 158(b)(4) of the NLRA, as amended.

Defendants violated Section 1 of the Sherman Act when they entered into and maintained an illegal "hot cargo" agreement with the Building Owners and Managers Association of

Chicago ("BOMA/Chicago") from April 26, 2004 through April 29, 2007 to exclude security services companies that did not have a collective bargaining agreement with Local 1 ("non-signatories") from the Downtown Chicago office building market.

Defendant Local 1 also violated Section 2 of the Sherman Act because the "hot cargo" agreement described above had the additional effect of creating a monopoly for SEIU security guards in the Downtown Chicago office building market. In addition, Local 1, by virtue of its "hot cargo" agreement with BOMA/Chicago, violated Section 2 by conspiring to monopolize the provision of security services in the Downtown Chicago office building market.

Defendant Local 1 also violated Sections 303 and 8(b)(4) of the NLRA, as amended, 29 U.S.C. § 187, 158(b)(4), by engaging in a prohibited Section 8(e) "hot cargo" agreement, inducing employers to enter into such unlawful agreement and restraining employers through the use of such agreement.

The parties have not yet had the opportunity to discuss settlement.

<u>26(a)(1) Initial Disclosures</u>

Plaintiff proposes exchanging initial disclosures pursuant to Rule 26(a)(1) no later than Thursday, May 22, 2008, when the parties are due to file their Joint Initial Status Report.

<u>Preservation of Discoverable Information</u>

Plaintiff proposes that the parties enter into a stipulation to cover the preservation of discoverable information no later than Thursday, May 22, 2008.

<u>Proposed Discovery Plan</u>

Plaintiff proposes the following discovery plan:

(a)   Plaintiff proposes to follow the timing set forth under Rule 26(a). As such, initial disclosures should be made no later than Thursday, May 22, 2008, that is, 14 days from the scheduled Rule 26(f) conference on Thursday, May 8, 2008.

(b)   Discovery shall be conducted on the allegations in the Amended Complaint and any subsequent pleadings, including, but not limited to, Defendants' conduct with respect to security services companies, their employees and security services collective bargaining agreements in the Chicago area; any charges filed against non-signatory companies; any other

action by Defendants directed at non-signatory security services companies and/or their past, present and potential customers. Plaintiff does not believe that phased discovery will be necessary here. Fact discovery should be completed by November 7, 2008. Expert discovery should be completed by January 16, 2009.

(c) Plaintiff proposes that electronically-stored information be produced if relevant and discoverable as set forth under the Federal Rules. Plaintiff proposes that, prior to production of electronically-stored information, the parties discuss the quantity and format of electronically-stored information that is discoverable and agree on the best form of production.

(d) Plaintiff proposes that the parties enter into a stipulated protective order for confidential information no later than Thursday, May 22, 2008.

(e) Plaintiff foresees no need at this time to change the limits on discovery in the Federal Rules of Civil Procedure. Should the need to change any discovery limits arise, Plaintiff proposes that the parties attempt to come to an agreement or, if necessary, seek leave from the Court to make any changes.

(f) Plaintiff believes that the court should issue a protective order for confidential information under Rule 26(c) adopting the parties' stipulation.

Dated: May 8, 2008                    Respectfully submitted,


                                      /s Patrick J. Ahern
                                      Patrick J. Ahern
                                      Counsel for Plaintiff
                                      The Wackenhut Corporation

CHIDMS1/2621424.1