IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| THE WACKENHUT CORPORATION,<br><br>   Plaintiff,<br>v.<br><br><br>SEIU LOCAL 1, THOMAS BALANOFF,<br>MONA BALLENGER, EDWARD BOWEN,<br>and ANDREW STERN,<br>   Defendants. | Case No. 1:08-cv-2053<br><br>Judge Kendall/Magistrate Judge Schenkier |

## JOINT INITIAL STATUS REPORT

Plaintiff The Wackenhut Corporation ("Wackenhut") and Defendants Service Employees International Union, Local 1 ("Local 1"), Thomas Balanoff ("Balanoff"), Mona Ballenger ("Ballenger") and Edward Bowen ("Bowen") (collectively "Defendants") for their initial status report state as follows:

1. The attorneys of record for plaintiff are Patrick J. Ahern, John N. Raudabaugh and Karen Sewell. Julia Penny Clark, Daniel Zibel, Alexia Kulwiec, Steven Stewart, and Leslie Ward are the attorneys of record for defendants.[1] Mr. Ahern, Ms. Sewell, Ms. Clark and Mr. Zibel participated in a Rule 26(f) conference via telephone on Tuesday, June 10, 2008, and discussed the topics discussed herein and more broadly in Rule 26.

2. Should this case proceed to trial, at this time, Plaintiffs anticipate that Patrick Ahern will serve as lead trial counsel, and Defendants anticipate that Julia Penny Clark will serve as lead trial counsel.

---

[1] Steven Stewart and Alexia Kulwiec filed appearances on behalf of all Defendants, including Mr. Stern on April 29, 2008 [Dkt. No. 18-19]. On May 28, 2008, counsel for Defendants moved to withdraw their appearances on behalf of Defendant Andrew Stern because he had not yet been served [Dkt. No. 34]. This Court granted said motion on June 2, 2008 [Dkt. No. 36].

3.      Plaintiffs contend that the basis for federal jurisdiction in this case rests in Sections 1331 and 1337 of the United States Judicial Code, 28 U.S.C. §§ 1331 (federal question), 1337 (commerce and antitrust regulation), and by Sections 4 and 16 of the Clayton Act, 15 U.S.C. § 15(a) and 26.  Plaintiffs also assert that this Court also has jurisdiction pursuant to Section 303(b) of the Labor Management Relations Act ("LMRA, as amended"), 29 U.S.C. § 187(b).

4.      Plaintiffs contend that the claims asserted in the complaint are based on Defendants' alleged violations of the federal antitrust and labor laws through the alleged maintenance of an illegal "hot-cargo" agreement with the Building Owners and Managers Association of Chicago ("BOMA/Chicago") from April 26, 2004 through April 29, 2007, and prior to that time, to exclude security services companies that did not have a collective bargaining agreement with Local 1 ("non-signatories") from the Downtown Chicago office building market and effectively create a monopoly for SEIU security guards in the Downtown Chicago office building market.

5.      Defendant Andrew Stern has not yet been served.  Plaintiff has attempted service on multiple occasions and in various locations to no avail (see also Affidavits of Service, attached hereto as Group Exhibit A):

- The first summons was for Stern's office at Service Employees International Union, 1800 Massachusetts Ave., NW, in Washington, D.C.  On April 28, 2008, the process server tried to serve the Summons without success.  The process server spoke with Mr. Stern's personal assistant, who stated that Mr. Stern would not come down to receive process personally and the process server was instructed to serve SEIU's legal department.  Plaintiff advised the process server that service on the legal department would not be effective.

- The first Alias Summons was issued for Mr. Stern at 3900 Tunlaw Rd., Apt. 519 in Washington, D.C.  A search of other recent litigation against Mr. Stern showed that he had previously been served at this address on October 17, 2007, by Capitol Process Services, Inc.  On April 30, 2008 a process server attempted to serve Mr. Stern and spoke to a woman via intercom at the apartment complex, which was linked to the cell phone of a woman named "Ash."  An individual by the name of Ashley Calvetti, the ex-girlfriend of Mr. Stern's son, was the person who accepted service on behalf of Mr. Stern on October 17, 2007.  She stated that she no longer lives at the address, but Mr. Stern's son still resides there.  The process servers were unable to go the door of the apartment and were told by security that they must leave all packages with them.
- On April 30, 2008, an attempt was made to serve Ms. Calvetti at her home address of 4000 52nd St, NW, Washington, D.C.  The process server was again told that Mr. Stern's son lives at 3900 Tunlaw Rd.
- On May 6, 2008, another attempt was made to serve Mr. Stern at 3900 Tunlaw Rd., and again the process server spoke with Ms. Calvetti, due to the intercom system being connected to her cell phone.  She stated again that Mr. Stern's son lives at 3900 Tunlaw Rd., and that she does not know where Mr. Stern resides.  She asked the process server not to call her again regarding the matter.  It appears that the intercom at Tunlaw Rd. has not been updated since Ms. Calvetti moved out.
- A Second Alias Summons was issued for a property of Mr. Stern at 1540 Boyds Lane, Dauphin, PA. On May 15, 2008, an attempt was made at this address.  The process server found that the cottage appeared to be vacant, and the exterior was in disrepair.  The server spoke a neighbor at 1431 Boyds Lane, and she stated that she

3

had not seen Mr. Stern at the cottage in seven or eight years. She further stated that Mr. Stern may live in Washington, D.C.

- On May 7, 2008, another attempt to serve Mr. Stern was made at the 3900 Tunlaw Rd. address. The process server followed a tenant inside the apartment complex and knocked on the door of Apt. 519, but there was no answer.

- On June 3 and 4, 2008, another attempt to serve Mr. Stern was made at the Caribe Hilton in Puerto Rico, where SEIU was holding a conference but the process server was not successful.

6. The principal legal issues are:

   a. The preclusive effect of the December 21, 2007, National Labor Relations Board Administrative Law Judge's decision regarding Article 23 of the Local 1-BOMA/Chicago Agreement.

   b. Whether Article 23 violated Sections 1 and 2 of the Sherman Act, section 303 of the LMRA, as amended, 29 U.S.C. § 187, and Sections 8(e), 29 U.S.C. § 158(e), and 8(b)(4), 29 U.S.C. § 158(b)(4), of the National Labor Relations Act.

   c. Whether the Plaintiffs have asserted a sufficient "antitrust injury" to enable them to have the requisite "antitrust standing" to bring Claims 1-3 of the Amended Complaint.

   d. Whether Claims 1-3 of the Amended Complaint are precluded by the recognized labor exemptions to the antitrust laws.

   e. Whether this Court can maintain jurisdiction over Claim 4 of the Amended Complaint.

   f. Whether any of Plaintiffs' claims that pre-date April 10, 2004 are precluded by the statute of limitations for antitrust claims established in 15 U.S.C. § 15(b).

7. The principal factual issues are:

   a. Whether Defendants used labor charges filed against non-signatory companies and/or building managers and owners, and other devices to exclude from the Downtown Chicago office building market any non-signatory companies.

   b. Whether Local 1 has market power in the relevant market.

   c. Whether the Plaintiffs sustained any antitrust injury as a result of the maintenance of the all-standards clause, and if so, the extent of that injury.

8. Plaintiff has not demanded a jury trial. Defendants are considering whether to request a jury trial, and will advise the Court as soon as possible.

9. No discovery has been undertaken to date. The parties hereby stipulate to forgo initial disclosures under Rule 26(a)(1), in light of the extensive evidence that was presented at the hearing before the NLRB Administrative Law Judge ("ALJ hearing"). Plaintiff proposes that the parties should proceed to full discovery. Defendants will file a motion on or before June 27, 2008, to dismiss the Amended Complaint in its entirety under Rule 12(b)(6). Defendants propose that discovery should be postponed pending the Court's ruling on that motion, because of the evidence previously presented in the ALJ hearing and because discovery would be expensive and wasteful of the resources of the parties and the Court.

Discovery shall be conducted on the allegations in the Amended Complaint and any subsequent pleadings. Plaintiffs state that such discovery should include, but not be limited to, Defendants' conduct with respect to security services companies, their employees and security services collective bargaining agreements in the Chicago area; any charges filed against non-signatory companies; any other action by Defendants directed at non-signatory security services companies and/or their past, present and potential customers; and damages. Defendants state that when discovery begins, it will require extensive discovery of Plaintiff's claim that it

5

suffered any damage due to the "all standards clause," since Plaintiff was a signatory to the Local 1-BOMA/Chicago Agreement effective for the period April 26, 2004 through April 29, 2007.  Discovery will also include, but not be limited to, the relevant market and Plaintiff's attempt to participate in that market.  Defendants' discovery would also address Plaintiff's alleged damages, if any.

10.     Plaintiff initially proposed that fact discovery be completed by November 7, 2008, and expert discovery be completed by January 16, 2009.  Defendants' position is that discovery should be postponed while the motion to dismiss is pending.  Plaintiff's position is that discovery should commence immediately.  Defendants have further proposed that, if the Court denies Defendants' request to postpone discovery while the motion to dismiss is pending, fact discovery be completed by Friday, December 5, 2008, and expert discovery be completed by Friday, February 16, 2009.  Plaintiff proposes that trial occur in April 2009.  Defendants propose a trial date, if necessary, approximately 3 months after the close of expert discovery.  The parties expect trial to last five to seven trial days.

11.     Defendants do not consent to proceed before the Magistrate Judge.

12.     The parties agree that it is premature to discuss settlement at this juncture but will revisit the possibility of settlement as appropriate throughout the case.

Respectfully submitted,

<table>
<tr><td>

On behalf of Plaintiff:


/s/ PATRICK J. AHERN
Patrick J. Ahern
**BAKER & MCKENZIE LLP**
Patrick J. Ahern (ARDC# 6187380)
patrick.j.ahern@bakernet.com
John N. Raudabaugh (*pro hac vice* pending)
john.n.raudabaugh@bakernet.com
Karen Sewell (ARDC# 6284417)
karen.sewell@bakernet.com
130 E. Randolph Dr., Suite 3500
Chicago, Illinois 60601
312.861.8000

</td><td>

On behalf of Defendants:


/s/ *Alexia M. Kulwiec*
ALEXIA M. KULWIEC
LESLIE J. WARD
STEVEN M. STEWART
SEIU Local No. 1
111 East Wacker Drive
Suite 2500
Chicago, IL 60601
(312) 233-8712

*/s/ Julia Penny Clark*
JULIA PENNY CLARK*
DANIEL A. ZIBEL*
Bredhoff & Kaiser PLLC
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600

*Counsel for Defendants SEIU Local No. 1, Thomas Balanoff, Mona Ballenger, and Edward Bowen*

*admitted *pro hac vice*

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of June, 2008, a copy of the foregoing Joint Initial Status Report was filed electronically with the Clerk of the Court was served via the CM/ECF system upon all counsel of record in this case. A courtesy copy of this report was also delivered to the courtroom deputy's office in Room 2316-A of the Dirksen Building.

      /s/ PATRICK J. AHERN
      Patrick J. Ahern
      Counsel for Plaintiff
      The Wackenhut Corporation